FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 5 - 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EUGENE MURRAY,

                Plaintiff,

-against-

DENNIS BRESLIN, CALDWELL WARD, BRIAN
KEITH, NORMAN BEZIO, C.O. GRILL, and
C.O. T. FAGAN, sued in their official and individual
capacities, BRIAN FISCHER, sued in his personal
capacity, and ANTHONY ANNUCCI, sued in his
official capacity,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-3239 (CBA) (LB)

**AMON, Chief United States District Judge.**

On June 6, 2013, plaintiff Eugene Murray filed this action, proceeding pro se against defendants Dennis Breslin, Caldwell Ward, Brian Keith, Norman Bezio, Winston Grill, and Trevor Fagan. (Complaint ("Compl.") ¶¶ 3-9; Memorandum of Law in Support of Defendants' Partial Motion to Dismiss at 1.)[1] Murray alleges that defendants, who are corrections officers and other prison officials, committed several violations of his constitutional rights during his incarceration at Arthur Kill Correctional Facility, (Compl. ¶¶ 4-9, 67-73), a now-defunct state prison in Staten Island, (Report and Recommendation ("R&R") at 10 n.10). He brought his claims pursuant to 42 U.S.C. § 1983. (Compl. ¶¶ 66-67.)

Defendants Fagan and Keith answered Murray's complaint on February 18, 2014. (Docket Entry ("D.E.") 25.) The other defendants filed a pre-answer motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). After Murray filed his opposition papers, the parties alerted the Court to ongoing settlement talks, and the Court subsequently stayed the remainder of

---

[1] Although Murray did not name Anthony Annucci as a party, the Court adopts the sua sponte substitution of Annucci recommended in the Report and Recommendation. (See Report and Recommendation ("R&R") at 1 n.1.)

1

the filing deadlines. (D.E. 32.) After those talks failed to yield a settlement, the Court reset the deadlines. (D.E. 43.) On July 11, 2014, after the motion to dismiss was fully briefed, the Court referred it to Magistrate Judge Lois Bloom.

On November 4, 2014, Magistrate Judge Bloom issued a Report and Recommendation ("R&R"). She recommended that the Court dismiss the following claims either pursuant to Rule 12(b)(6) or as moot or abandoned: (1) Murray's claims for money damages against defendants Fischer, Ward, Bezio, and Breslin, (R&R at 9-10); (2) his claims for declaratory and injunctive relief against Keith, Fagan, Grill, Breslin, and Ward, (id. at 10 & n.11); (3) his visitation-related claims insofar as they are brought on behalf of Shashone Franklin, who is his fiancée's niece, and Lee Franklin, his then-ex-wife, (id. at 11); (4) his Eighth Amendment claims against Fagan, (id. at 14); and (5) his claim against Grill to the extent it alleges Grill's order to Murray to return to his cell constituted a violation of his right of access to the courts, (id. at 15 n.16). Of the challenged claims, she recommended that the Court permit the following to proceed: (1) Murray's claims against Annucci and Bezio in their supervisory capacities, seeking a declaratory judgment that they violated his civil rights and an injunction ordering them (a) to cease retaliation against Murray for exercising his civil rights and (b) to expunge his prison record of disciplinary action taken against him, (id. at 10-11); (2) his First Amendment claims for money damages against Keith on the grounds that Keith deprived him of his visitation privileges and retaliated against him, (id. at 13 & n.13); (3) his claim for declaratory and injunctive relief against Annucci with respect to the use of the Detection/Ion Scan test to screen visitors to state prisons, (id. at 13); (4) his First Amendment retaliation claims against Fagan, (id. at 15); and (5) his claim against Grill for acting in concert with Fagan to violate his First Amendment rights, (id. at 16).

Magistrate Judge Bloom also addressed several letters Murray submitted after the Court referred defendants' motion to dismiss. She recommended that the Court: (1) deny as moot Murray's request to stay discovery; (2) deny without prejudice his request for a settlement conference; (3) reserve decision on his request for pro bono counsel; and (4) deny his request to stay all proceedings given his anticipated parole from prison. (Id. at 16.)

After Magistrate Judge Bloom issued the R&R, Murray submitted four letters to the Court. They were filed after the time for objections had passed, and in any event, none of them objects to any part of the R&R. Nor has any other party objected. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no party has timely objected, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted). Finding no clear error, the Court adopts the R&R.[2]

The Court notes that one of Murray's letters submitted after Magistrate Judge Bloom issued the R&R indicated that state officials had released him from prison on December 2, 2014. (D.E.

---

[2] With respect to defendant Grill, the R&R does not read Murray's complaint to allege that Grill violated his right to access the courts when Grill, on one occasion, denied him access to the prison law library by telling him to go back to his cell. (R&R at 15 & n.16.) Alternatively, if the complaint were to state such a claim, the R&R finds that claim abandoned because Murray failed to respond to defendants' argument in favor of its dismissal. (Id. at 15 n.16.) The Court notes that, even if the Court were (1) to interpret Murray's complaint to state such a claim and (2) not to deem it abandoned, the claim would nevertheless warrant dismissal on the merits. Restricting access to a law library at a prison may violate a prisoner's constitutional right to access the courts. Lewis v. Casey, 518 U.S. 343, 350-51 (1996). However, "[a] delay in being able to work on one's legal action or communicate with the courts does not rise to the level of" a violation of that right. Herrera v. Scully, 815 F. Supp. 713, 725 (S.D.N.Y. 1993) (citing Jones v. Smith, 784 F.2d 149, 151-52 (2d Cir. 1986)). Here, Murray was merely made to wait until the law library opened to gain access to it. (Compl. ¶¶ 44-45.) Even the destruction of a prisoner's legal papers that does no more than "temporarily inconvenience[]" him cannot rise to the level of a violation of his right to access the courts. See Ceparano v. County of Suffolk, No. 10-cv-2030, 2013 WL 6576817, at * 6 (E.D.N.Y. Dec. 13, 2013). A fortiori, the brief delay Grill's alleged actions caused Murray cannot constitute a violation of Murray's right to access the courts. To the extent Murray raises this claim and has not abandoned it, the Court dismisses it for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

69; see also Inmate Lookup, Department of Corrections and Community Supervision, http://nysdoccslookup.doccs.ny.gov (last visited, Jan. 29, 2015) (marking as "Released" Eugene Murray, Department Identification Number 90A8564).) The parties have 14 days from the date of this order to provide the Court with their positions on why the following claims are not moot in light of Murray's release: (1) his claim for a declaratory judgment stating that Annucci and Bezio violated his civil rights, (see R&R at 10-11); (2) his claim seeking an injunction ordering them (a) to cease retaliation against him for exercising his civil rights and (b) to expunge his prison record of disciplinary action taken against him, (see id.); and (3) his claim for declaratory and injunctive relief against Annucci with respect to the use of the Detection/Ion Scan test to screen prison visitors, (see id. at 13). See Pugh v. Goord, 571 F. Supp. 2d 477, 489-90 (S.D.N.Y. 2008) ("Where a prisoner has been released from prison, his claims for [injunctive and declaratory relief] based on the conditions of his incarceration must be dismissed as moot." (emphasis in the original)); Phillips v. Ienuso, No. 93-cv-6027, 1995 WL 239062, at *1 (S.D.N.Y. Apr. 24, 1995) (Sotomayor, J.) (stating that "[t]his Circuit has long and consistently held that a plaintiff's request for declaratory or injunctive relief relating to a correctional facility is moot once plaintiff is . . . released from the facility" and collecting Second Circuit cases); see also Muhammad v. N.Y.C. Dep't of Corrs., 126 F.3d 119, 123-24 (2d Cir. 1997) (holding that, outside class-action context, paroled prisoner seeking prospective relief from prison conditions may not avoid mootness based on "capable of repetition, yet evading review" exception or exception for suits brought in representative capacity).

For the foregoing reasons, the Court adopts the R&R in its entirety.

SO ORDERED.

                                              s/Carol Bagley Amon

Dated: Brooklyn, New York
       February 4, 2015
                                      Carol Bagley Amon
                                      Chief United States District Judge