UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EUGENE MURRAY,

                Plaintiff,

-against-

DENNIS BRESLIN, CALDWELL WARD, BRIAN
KEITH, NORMAN BEZIO, C.O. GRILL, and
C.O. T. FAGAN, sued in their official and individual
capacities, BRIAN FISCHER, sued in his personal
capacity, and ANTHONY ANNUCCI, sued in his
official capacity,

                Defendants.
-----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-3239 (CBA) (LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 22 2015 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge.**

On June 6, 2013, plaintiff Eugene Murray filed this action, proceeding pro se against defendants Dennis Breslin, Caldwell Ward, Brian Keith, Norman Bezio, Winston Grill, and Trevor Fagan. (Complaint ("Compl.") ¶¶ 3-9.)[1] Murray alleges that defendants, who are corrections officers and other prison officials, violated his constitutional rights in a variety of ways during his incarceration at Arthur Kill Correctional Facility, (id. ¶¶ 4-9, 67-73), a now-defunct state prison in Staten Island, (Docket Entry ("D.E.") 73). He brought his claims pursuant to 42 U.S.C. § 1983. (Compl. ¶¶ 66-67.)

On July 2, 2014, several of the defendants filed a pre-answer motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 46.) Shortly thereafter, on July 11, 2014, this Court referred the motion to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R"). Magistrate Judge Bloom issued an R&R on November 4, 2014, (D.E. 68), and this Court adopted the R&R in its entirety on February 5, 2015, (D.E. 73). After Magistrate Judge

---

[1] Although Murray did not name Anthony Annucci as a party, the Court, in an earlier Order, substituted Annucci sua sponte, pursuant to Federal Rule of Civil Procedure 25(d). (Docket Entry 73.)

1

Bloom issued the R&R but before this Court adopted it, Murray alerted the Court to his release from prison. (D.E. 69 (noting his release as of December 2, 2014); see also Inmate Lookup, Dep't of Corrs. & Cmty. Supervision, http://nysdoccslookup.doccs.ny.gov (last visited Mar. 25, 2015) (marking as "Released" Eugene Murray, Department Identification Number 90A8564).) In light of Murray's release, this Court, in its Memorandum and Order adopting Magistrate Judge Bloom's R&R, ordered the parties to provide it with their positions on why three of Murray's claims were not moot: (1) his request for a declaratory judgment that Annucci and Bezio violated his civil rights; (2) his request for an injunction ordering them (a) to cease retaliation against him for exercising his civil rights and (b) to expunge from his prison record references to disciplinary action taken against him, and (3) his request for declaratory and injunctive relief against Annucci with respect to the use of a Detection/Ion Scan test to screen prison visitors. (D.E. 73 at 4.) On February 17, 2015, defendants responded to the Court's Order. (D.E. 75.) In their submission, they argued that Murray's claims for prospective relief are moot because he is no longer incarcerated. (Id.) Murray failed to respond.

The Court finds that, given Murray's release from prison, his remaining claims for prospective relief are moot. "This Circuit has long and consistently held that a plaintiff's request for declaratory or injunctive relief relating to a correctional facility is moot once plaintiff is . . . release from the facility." Phillips v. Ienuso, No. 93-cv-6027, 1995 WL 239062, at *1 (S.D.N.Y. Apr. 24, 1995) (Sotomayor, J.); see also Pugh v. Goord, 571 F. Supp. 2d 477, 489-90 (S.D.N.Y. 2008) (finding that, where prisoner is released, claims for injunctive relief "based on the conditions of his incarceration must be dismissed as moot").

Here, there is no dispute that Murray is no longer incarcerated. (D.E. 69, 75.) Murray's claims for prospective relief relate to "the conditions of his incarceration." See Pugh, 571 F.

2

Supp. 2d at 489. There are no grounds to believe that Murray's claims fall within the ambit of the "capable of repetition, yet evading review" exception to the mootness doctrine or the exception for suits brought in a representative capacity. See Muhammad v. N.Y.C. Dep't of Corrs., 126 F.3d 119, 123-24 (2d Cir. 1997).

For the foregoing reasons, the Court dismisses Murray's claims for declaratory and injunctive relief as moot.[2]

SO ORDERED.

s/Carol Bagley Amon

Dated: Brooklyn, New York
April 21, 2015

Carol Bagley Amon
Chief United States District Judge

---

[2] The Court's ruling encompasses Murray's request for declaratory and injunctive relief against Keith for his alleged part in the prison's use of the Detection/Ion Scan test. Mootness is a jurisdictional doctrine, and when a case is moot, "federal courts lack jurisdiction to decide" the moot question because it "cannot affect the rights of the litigants in the case before them." Davis v. New York, 316 F.3d 93, 99 (2d Cir. 2002) (citing DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (per curiam)). When a court determines that it lacks subject-matter jurisdiction over a claim, the court must dismiss that claim. Fed. R. Civ. P. 12(h)(3). Defendants correctly point out that Murray's complaint includes claims for prospective relief against Keith on account of his purported role in the Detection/Ion Scan policy, (see Compl. ¶¶ 6, 19, 60). (D.E. 75 at 1 n.1.) However, because Keith answered Murray's complaint, (D.E. 25), he was not party to the original motion to dismiss. Here, Murray's requests for an injunction and a declaratory judgment against Keith are moot for the same reason as his other requests for prospective relief. Accordingly, the Court lacks jurisdiction over those claims and must dismiss them.